**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**YVONNE LORETTA TRACEY,**

      **Petitioner,**

**v.**                                     **Case No. 4:10cv560-MP/CAS**


**WARDEN TAYLOR, FCI TALLAHASSEE,**

      **Respondent.**

_____/


### REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On December 14, 2010, Petitioner Yvonne Loretta Tracey, proceeding pro se,
filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a supporting
memorandum.  Docs. 1 and 2.  Respondent filed a response to the petition.  Doc. 7.
Petitioner has not filed a reply, though given the opportunity to do so.  *See* Doc. 5.

The matter was referred to the undersigned United States Magistrate Judge for
report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of
Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes that
Petitioner has not demonstrated entitlement to proceed under § 2241 and, accordingly,
this action should be dismissed.

## Background and Procedural History

On May 8, 2003, a federal grand jury in the Southern District of Florida indicted Petitioner Tracey on ten counts in case number 03-20359-CR-HUCK in connection with events that took place between May 2002 and August 2002: one count of conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D) and 846 (Count 1); one count of distribution of marijuana, in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(D) (Count 2); two counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts 3 and 5); one count of distribution of cocaine within 1000 feet of an elementary school, in violation of 21 U.S.C. § 841(a)(1) and 860 (Count 6); and five counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 4 and 7 through 10). Doc. 7 Ex. 2. Tracey entered guilty pleas to Counts 1 and 4 on August 19, 2003. *Id*. Exs. 3 and 4 at 15. In exchange for these pleas, the Government agreed to seek dismissal of the remaining counts at the time of sentencing. *Id*. Ex. 4 at 8. The court accepted the plea and adjudicated Tracey guilty of those offenses. *Id*. at 16. On October 30, 2003, the court sentenced Tracey as a career offender to 151 months' imprisonment on Count 1 and 120 months' imprisonment on Count 4, to run concurrent, followed by three years' supervised release, as well as a fine of $6,000 and a $200 assessment. *Id*. Ex. 6; *see* Report of Magistrate Judge, <u>Tracey v. United States</u>, No. 1:04cv22833-CMA (S.D. Fla. June 21, 2005), ECF No. 20 at 8. The career offender enhancement requires at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Guidelines § 4B1.1.

Tracey did not appeal her conviction and sentence.  On October 28, 2004,

Tracey filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the Southern

District of Florida, assigned case number 1:04-22833-cv-CMA.  *See* Doc. 7 Ex. 7 at 1;

*see also* docket for Tracey v. United States, Case No. 1:04cv22833-CMA (S.D. Fla.

Aug. 30, 2005), ECF No. 11.  Tracey raised two claims: (1) ineffective assistance of

counsel during sentencing for failing to advise the court of the incorrect application of

the career criminal sentencing guidelines; and (2) a jury trial violation because the court

failed to sentence her to guideline sentence enhancements determined by a

preponderance of the evidence in violation of Apprendi v. New Jersey, 530 U.S. 466

(2000).  Motion Under 28 U.S.C. § 2255, Tracey v. United States, No. 1:04cv22833-

CMA (S.D. Fla. Nov. 10, 2004), ECF No. 1.  The magistrate judge entered a report and

recommendation that the motion be denied.  Report of Magistrate Judge, Tracey v.

United States, No. 1:04cv22833-CMA (S.D. Fla. June 21, 2005), ECF No. 20; *see* Doc.

7 Ex. 7 at 1.  The district court adopted the report and recommendation, and denied

Petitioner's § 2255 motion.  Order Affirming and Adopting Magistrate Judge's Report

and Recommendation, Tracey v. United States, No. 1:04cv22833-CMA (S.D. Fla. Aug.

30, 2005), ECF No. 21; *see* Doc. 7 Ex. 7 at 1-2.  Petitioner sought to appeal, but the

court denied a certificate of appealability.  *See* Doc. 7 Ex. 8.

Petitioner Tracey filed her § 2241 petition and supporting memorandum on

December 14, 2010.  Docs. 1 and 2.  Petitioner raises one claim, asserting she is

actually innocent of career offender status.  Doc. 1 at 3.  Petitioner argues "[t]he priors

relied upon were not serious as they were for possession charges and specifically not

for 5 kilograms/50 grams of cocaine or crack, marijuana, therefore, they did not meet the definition of the crime language." *Id*.  In support of this claim, Petitioner cites <u>Begay v. United States</u>, 553 U.S. 137 (2008), and the now-vacated opinion in <u>Gilbert v. United States</u>, 609 F.3d 1159 (11th Cir. 2010).  Doc. 1 at 3, Doc. 2 at 1-5.

In its response, the Government explains that, because Petitioner is barred from proceeding under § 2255, she now seeks relief under the "savings clause" of 28 U.S.C. § 2255.  Doc. 7 at 2.  The Government asserts such attempt should be denied because Petitioner has not established that the relief available under § 2255 is inadequate or ineffective, nor has Petitioner shown entitlement to relief under any recently-decided U.S. Supreme Court decision; accordingly, this petition should be dismissed.  *Id*.

<u>Analysis</u>

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  *See* <u>United States v. Hayman</u>, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in <u>Hayman</u>, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See*

<u>Hayman</u>, 342 U.S. at 212–14, 218; *see also* <u>Wofford v. Scott</u>, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* <u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348, 1351–52 (11th Cir. 2008); <u>United States v. Jordan</u>, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* <u>Antonelli</u>, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); <u>Thomas v. Crosby</u>, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); <u>Bishop v. Reno</u>, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

A collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See, e.g.*, <u>Antonelli</u>, 542 F.3d at 1351-52; <u>Sawyer v. Holder</u>, 326 F.3d 1353, 1365 (11th Cir. 2003); <u>Jordan</u>, 915 F.2d at 629. The Eleventh Circuit has explained:

In general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion. In the interests of finality, the law generally bars prisoners from filing second or successive § 2255 motions, except when "certified as provided in section 2244[(b)(3)(A)] by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h); Gilbert, 640 F.3d at 1309. This bar on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013). "A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." Darby v. Hawk-Sawyer, 405 F.3d. 942, 945 (11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542 F.3d at 1351.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances:

The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed

such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. Failure to meet a single prong means a petitioner's claim fails. *See* Wofford*,* 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008).

In this case, Tracey's § 2241 petition challenges the validity of her sentence, not the execution thereof. Such a challenge is properly brought pursuant to § 2255, not pursuant to § 2241. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer, 326 F.3d at 1365; Jordan, 915 F.2d at 629.

Further, Tracey's § 2241 petition is an attempt to circumvent the restrictions on successive § 2255 motions. Tracey previously filed a § 2255 motion, which the district court denied with prejudice. The Eleventh Circuit denied a certificate of appealability when Tracey sought to appeal the denial of her § 2255 motion, finding she had failed to make a substantial showing of a denial of a constitutional right. Because Tracey has already filed a § 2255 motion, she cannot circumvent the statutory restriction on successive § 2255 motions by filing a § 2241 petition. *See* Gilbert, 640 F.3d at 1308. To proceed under § 2241, Tracey has to show that § 2255 is "inadequate or ineffective" to challenge the legality of her detention. 28 U.S.C. § 2255(e).

In particular, as the Government points out, Tracey does not identify how she satisfies the Wofford test. To support her claim, Tracey relies on decisions in Begay v. United States, 553 U.S. 137 (2008), and Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010). *See* Doc. 1 at 3, Doc. 2 at 1-5. The Eleventh Circuit has held that Begay

applies retroactively, at least for "a timely-filed first motion under 28 U.S.C. § 2255," in instances where "a defendant . . . unsuccessfully raised a career offender issue at both sentencing and on direct appeal." Spencer v. U.S., 727 F.3d 1076, 1080 (11th Cir. 2013). It does not apply to Tracey's claim, however, as this is a § 2241 motion; Tracey did not raise an issue at sentencing, did not pursue a direct appeal, and has already had a § 2255 proceeding. Moreover, in Begay, the U.S. Supreme Court held that the offense of driving under the influence of alcohol does not constitute a "violent felony" under the Armed Career Criminal Act. 553 U.S. at 139. In this case, however, Tracey was sentenced as a career offender because she had at least two prior felony controlled substance convictions, not because she had violent felony convictions. *See* Doc. 7 Ex. 5 at 16 (presentence investigation report filed under seal); *see also* Report of Magistrate Judge, Tracey v. United States, No. 1:04cv22833-CMA (S.D. Fla. June 21, 2005), ECF No. 20.

The other decision Tracey cites, Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), was vacated in an en banc decision, Gilbert, 640 F.3d 1293 (11th Cir. 2011). In Gilbert, the Eleventh Circuit held that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." *Id*. at 1323; *see* Williams, 713 F.3d at 1341. The Eleventh Circuit decided Gilbert, not the U.S. Supreme Court. Moreover, Gilbert concerned the Begay decision and involved a change in the law concerning whether a crime, carrying a concealed weapon, constitutes a "violent

felony," this time under § 4B1.4. <u>Gilbert</u>, 640 F.3d at 1304-05, 1319 n.20. As indicated above, however, Tracey's sentence was not enhanced because of violent felonies; rather, it was enhanced because of prior drug convictions.

Therefore, Tracey has failed to show the savings clause applies here because remedy by § 2255 was "inadequate or ineffective" to test the legality of her detention. Tracey previously filed a § 2255 motion and the Eleventh Circuit has not granted permission to file a successive motion. Accordingly, this § 2241 petition should be dismissed for lack of jurisdiction.

## <u>Conclusion</u>

In summary, review under § 2241 appears unavailable because Petitioner challenges the validity of her sentence, not the execution thereof. Further, this § 2241 petition is an attempt to circumvent the restrictions on successive § 2255 motions and the savings clause does not apply. Therefore, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 20, 2013.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO PARTIES</u>

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another**

**party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**